HOWARD L. CHURCHILL, SB# 79872
E-Mail: churchill@lbbslaw.com
ANDJE MOROVICH, SB# 251288
E-Mail: morovich@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant KEYSTONE NORTH AMERICA, INC. dba JONES and LEWIS CLEAR LAKE MEMORIAL CHAPEL (erroneously sued as KEYSTONE AMERICA INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE FAMILY OF SAMUEL SHULL: Linda Rines Shull, Samuel J. Shull, Jr., Jennifer Shull, Cameron Rines-Caban, Jacob A. Rines-Caban, Nathan Shull, Soaring Eagle (LeeAnn) Rines, Casey Shull, Alberta Rines and Willie Smith,<br><br>Plaintiffs,<br><br>v.<br><br>Keystone America Inc., dba Jones and Lewis Clear Lake Memorial Chapel, and DOES 1-100,<br><br>Defendants. | CASE NO. C08-01601 JL<br><br>ACTION FILED:   March 24, 2008<br><br>**DEFENDANT KEYSTONE NORTH AMERICA, INC. dba JONES and LEWIS CLEAR LAKE MEMORIAL CHAPEL (erroneously sued as KEYSTONE AMERICA INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**TO PLAINTIFFS HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Defendant, KEYSTONE NORTH AMERICA, INC. dba JONES and LEWIS CLEAR LAKE MEMORIAL CHAPEL (erroneously sued as KEYSTONE AMERICA INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL), (hereinafter "Defendant"), hereby answers Plaintiffs', THE FAMILY OF SAMUEL SHULL: Linda Rines Shull, Samuel J. Shull, Jr., Jennifer Shull, Cameron Rines-Caban, Jacob A. Rines-Caban, Nathan Shull, Soaring Eagle (LeeAnn) Rines, Casey Shull, Alberta Rines and Willie Smith, (hereinafter "Plaintiffs") Complaint and each and every cause of action set forth therein as follows:

///

## I.

## JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 that "jurisdiction is founded upon 28 USC 1332, in that plaintiffs are citizens of California, and the named defendant is a citizen of Delaware, where it is incorporated, and Florida, where its principal place of business is located." As to all other allegations contained in paragraph 1, defendants deny any wrongdoing, liability or damages.

## II.

## INTRA-DISTRICT ASSIGNMENT

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 that "a substantial part of the events and/or omissions complained of herein occurred in Lake County, California, and this action is properly assigned to the Oakland or San Francisco Divisions of the United States District Court for the Northern District of California", on that basis, defendants deny each and every allegation contained therein.

## III.

## PLAINTIFFS

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13, on that basis, defendants deny each and every allegation contained therein.

## IV.

## DEFENDANTS

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14, 15, 16, 17, 18, and 19, on that basis, defendants deny each and every allegation contained therein.

///

///

///

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## V.

## **FACTS**

5. Answering paragraph 20 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

6. Answering paragraph 21 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

7. Answering paragraph 22 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

8. Answering paragraph 23 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

9. Answering paragraph 24 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

10. Answering paragraph 25 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

11. Answering paragraph 26 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

12. Answering paragraph 27 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

///

///

13. Answering paragraph 28 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

14. Answering paragraph 29 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

15. Answering paragraph 30 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

16. Answering paragraph 31 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

17. Answering paragraph 32 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

18. Answering paragraph 33 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

19. Answering paragraph 34 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

20. Answering paragraph 35 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

21. Answering paragraph 36 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

22. Answering paragraph 37 of the complaint, these answering defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

23. Answering paragraph 38 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

24. Answering paragraph 39 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

25. Answering paragraph 40 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

26. Answering paragraph 41 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

27. Answering paragraph 42 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

28. Answering paragraph 43 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

V.

**FIRST CAUSE OF ACTION**
**[Breach of Contract]**

29. Answering paragraph 44 of the complaint, these answering defendants refer to and incorporate herein their responses to paragraphs 1 through 28.

30. Answering paragraph 45 of the complaint, defendants object to the allegations contained therein to the extent that they represent statements of law or legal conclusions about which defendants lack personal knowledge sufficient to enable them to admit or deny said legal matters. As to the

remaining allegations, defendants deny each and every allegation contained therein.

31. Answering paragraph 46 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

32. Answering paragraph 47 of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

33. Answering paragraph 48 of the complaint, defendants object to the allegations contained therein to the extent that they represent statements of law or legal conclusions about which defendants lack personal knowledge sufficient to enable them to admit or deny said legal matters. As to the remaining allegations, defendants deny each and every allegation contained therein.

## VI.

### SECOND CAUSE OF ACTION
### [Negligence]

34. Answering paragraph 49 of the complaint, these answering defendants refer to and incorporate herein their responses to paragraphs 1 through 28.

35. Answering paragraph 50 of the complaint, these answering defendants object to the allegations contained therein to the extent that they represent statements of law or legal conclusions about which defendants lack personal knowledge sufficient to enable them to admit or deny said legal matters. As to the remaining allegations, defendants deny each and every allegation contained therein.

36. Answering paragraph 51(a) of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

37. Answering paragraph 51(b) of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

38. Answering paragraph 51(c) of the complaint, these answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis

1  deny each and every allegation contained therein.

2  39. Answering paragraph 51(d) of the complaint, these answering defendants are without
3  knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis
4  deny each and every allegation contained therein.

5  40. Answering paragraph 51(e) of the complaint, these answering defendants are without
6  knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis
7  deny each and every allegation contained therein.

8  41. Answering paragraph 51(f) of the complaint, these answering defendants are without
9  knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis
10  deny each and every allegation contained therein.

11  42. Answering paragraph 51(g) of the complaint, these answering defendants are without
12  knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis
13  deny each and every allegation contained therein.

14  43. Answering paragraph 51(h) of the complaint, these answering defendants are without
15  knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis
16  deny each and every allegation contained therein.

17  44. Answering paragraph 51(i) of the complaint, these answering defendants are without
18  knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis
19  deny each and every allegation contained therein.

## VII.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Defendants are informed and believe and thereon allege that the complaint fails to state facts sufficient to constitute a cause or causes of action against defendants.

///
///
///

## SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

Defendants are informed and believe and thereon alleges that the plaintiffs' complaint, and each cause of action therein, is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
(Fault of Third Parties)

Defendants are informed and believe and thereon allege that the injuries and damages of which Plaintiffs complain were proximately caused by or contributed to by the acts of other persons, and/or other entities, over whom Defendants had neither control nor right of control, and said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiffs from any recovery against Defendants.

## FOURTH AFFIRMATIVE DEFENSE
(Comparative Negligence)

Defendants allege that if these Defendants are held to be negligent, which negligence contributed as a proximate cause to Plaintiffs' injuries or damages, if any, that Plaintiffs were also negligent, which negligence also contributed to Plaintiffs' damages such that any damages otherwise awarded to Plaintiffs must be diminished in proportion to the degree of fault attributable to Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE
(Contribution and Indemnification)

Defendants are informed and believe and therefore allege that they are entitled to a right of indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the happening of the alleged injuries of Plaintiffs if Plaintiffs should receive a verdict against Defendants.

///

///

## SIXTH AFFIRMATIVE DEFENSE
(Intervening Cause)

Defendants are informed and believe and thereon allege that if, in fact, Plaintiffs were damaged in any manner whatsoever, that said damage was a direct and proximate result of intervening and superseding actions and causes on the part of other persons or entities, or acts of God, and not of Defendants, and that such intervening and superseding actions and causes bar recovery herein by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Defendants allege that Plaintiffs' damages, if any, should be reduced or eliminated as a result of Plaintiff's failure to properly mitigate his damages.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure to Join Proper Parties)

Plaintiffs have failed to join a party or parties necessary for a just adjudication of this matter and has further omitted to state any reasons for such failure. Specially, plaintiffs have failed to join third parties that were involved in the alleged automobile collision which caused injury to the body of Samuel Shull. Defendants allege that such third parties were the proximate cause, and or, a contributing factor to plaintiffs' alleged damages. Without joinder of these third parties there can be no just adjudication.

## NINTH AFFIRMATIVE DEFENSE
(Laches)

The delay of Plaintiffs in commencing suit is inexcusable and has resulted in prejudice to Defendants so substantial that the defense of laches bars Plaintiffs' claims.

///

///

///

### TENTH AFFIRMATIVE DEFENSE
(Assumption of the Risk)

Plaintiffs willingly, knowingly and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

### ELEVENTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiffs have waived any and all claims which they seek to assert in this action.

### TWELFTH AFFIRMATIVE DEFENSE
(Punitive Damages Barred)

Defendants allege that punitive damages are barred against defendant corporation because defendant did not have advanced knowledge of wrongful actions by defendant's employees, if any such actions occurred. Defendants did not authorize or ratify any wrongful conduct by its employees, if any such conduct occurred, and therefore defendant cannot be liable for any potential wrongdoing by its employees pursuant to California Civil Code section 3294(b).

### THIRTEENTH AFFIRMATIVE DEFENSE
(Contract Performance by Defendants)

Defendants allege that prior to the commencement of this action, these answering defendants duly performed, satisfied and discharged all duties and obligations defendants may have owed to the plaintiffs arising out of any and all agreements, representations or contracts made by defendants or on behalf of these answering defendants and this action is therefore barred by the provisions of California Civil Code Section 1473.

### FOURTEENTH AFFIRMATIVE DEFENSE
(No Breach of Duty)

Defendants allege that they did not breach any duty owed to Plaintiff because they fully performed their obligations under the contract with plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE
(No Causation)

Defendants allege that there is no causal relationship between any injuries or damages allegedly sustained by Plaintiff, and any alleged wrongful act by these Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Express/Implied Warranty)

Defendants allege that they made no warranties of any kind, express or implied, to Plaintiffs and that there is no relationship upon which a claim of warranty may be based.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(No Privity)

Defendants allege that the cause of action for breach of contract, if any, against these Defendants is barred because there is no privity of contract between Plaintiffs and these Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Unknown Defenses)

Defendants allege that they may have other separate and/or additional defenses of which they are not presently aware, and defendants hereby reserve the right to assert them by amended answer as investigation and discovery continue.

## PRAYER

WHEREFORE, these answering Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint on file herein;
2. For reasonable attorney fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

///

**DEMAND FOR JURY TRIAL**

Defendants KEYSTONE NORTH AMERICA, INC. dba JONES and LEWIS CLEAR LAKE MEMORIAL CHAPEL (erroneously sued as KEYSTONE AMERICA INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL), hereby request a jury trial in this action.

DATED: May 20, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Howard L. Churchill
Andje Morovich
Attorneys for Defendant KEYSTONE NORTH AMERICA, INC. dba JONES and LEWIS CLEAR LAKE MEMORIAL CHAPEL (erroneously sued as KEYSTONE AMERICA INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL)

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO
*Shull v. Keystone America Inc., et al.*
USDC Case No. C08-01601 JL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On May 21, 2008, I served the following document(s):

**DEFENDANT KEYSTONE NORTH AMERICA, INC. dba JONES and LEWIS CLEAR LAKE MEMORIAL CHAPEL (erroneously sued as KEYSTONE AMERICA INC., dba JONES AND LEWIS CLEAR LAKE MEMORIAL CHAPEL) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Michael Cohen<br>Law Offices of Bruce E. Krell<br>Grove Law Building<br>345 Grove Street<br>San Francisco, CA  94102<br>Tel: (415) 861-4414<br>Fax: (415) 431-4526<br>Email: | Attorneys for Plaintiffs THE FAMILY OF SAMUEL SHULL: Linda Rines Shull, Samuel J. Shull, Jr., Jennifer Shull, Cameron Rines-Caban, Jacob A. Rines-Caban, Nathan Shull, Soaring Eagle (LeeAnn) Rines, Casey Shull, Alberta Rines and Willie Smith |

The documents were served by the following means:

[X] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ]  Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]  Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 21, 2008, at San Francisco, California.

_____
Dawn Gravely