Michael Cohen - #98066  
LAW OFFICES OF BRUCE E. KRELL  
Grove Law Building  
345 Grove Street  
San Francisco, CA 94102  
415/861-4414  
Fax: 415/431-4526  
**mikecohen@sprintmail.com**; **grovelaw@mindspring.com**

E-filing

Original  
FILED  
3/24/08  
Richard W. Wieking  
Clerk, U.S. District Court  
Northern District of California  
San Francisco

Attorney for Plaintiffs

Howard Churchill  
Adje Morovich  
LEWIS BRISBOIS BISGAARD & SMITH  
One Sansome Street, Suite 1400  
San Francisco, CA 94104-4448  
415/362-2580  
Fax:415/434-0882  
**churchill@lbbslaw.com**; **morovich@lbbslaw.com**

ADR

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FAMILY OF SAMUEL SHULL: Linda Rines Shull, Samuel J. Shull, Jr., Jennifer Shull, Cameron Rines-Caban, Jacob A. Rines-Caban, Nathan Shull, Soaring Eagle (LeeAnn) Rines, Casey Shull, Alberta Rines and Willie Smith,<br><br>　　Plaintiffs,<br><br>vs.<br><br>Keystone America, Inc., dba Jones and Lewis Clear Lake Memorial Chapel, and DOES 1-100,<br><br>　　Defendants.<br>_____/ | No. C08-01601 JL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>DATE: 7/2/08<br>TIME: 10:30 A.M.<br>DEPT: "F", 15th Floor |

　　The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the court to adopt it as its Case Management Order in this case.

DESCRIPTION OF THE CASE

　　1.　　The Complaint alleges that (a) the Defendant's 20-year old driver failed to secure the body of Plaintiff's Decedent in Defendant's van, then negligently caused a collision in which Plaintiff's Decedent's body came loose and became mangled, after which Defendant tried to hide these facts from the family, lying to them about the reasons they were preventing the family from

1

seeing the body, until the family became suspicious and insisted on seeing the body and being told the truth; and (b) both the way they were treated and the mangling of their beloved Decedent's body caused them severe emotional distress.

2. Defense counsel has indicated the intent not to contest liability, such that the main issue will be extent of damages.

3. The parties do not anticipate any exotic or particularly contested legal issues at this time.

4. In general, counsel do not anticipate extraordinary litigation in this case. Plaintiff's counsel has worked with Defendant's counsel's firm in the past, co-counseling with Defendant's counsel's firm in representing a developer in a complex construction case and opposing Defendant's counsel's firm in a personal injury case; and Plaintiff's and Defendant's counsel are opposed in another case, before Magistrate Judge Brazil, against the same Defendant, albeit with totally different liability issues.

5. All parties have been served.

6. The parties do not anticipate joining further parties.

7. All parties have consented to assignment of this case to a United States Magistrate Judge for court or jury trial.

ALTERNATIVE DISPUTE RESOLUTIONS

8. The parties have agreed on mediation.

DISCLOSURES

10. The parties anticipate exchanging initial disclosures shortly.

DISCOVERY

11. The parties agree that the discovery plan will consist almost entirely of depositions of the Plaintiffs and of Defendant's personnel who interacted with Plaintiffs.

TRIAL SCHEDULE

12. The parties request that a trial date be deferred pending completion of discovery.

13. The parties expect that the trial will last for approximately 15 court days. Both parties have requested a jury trial.

DATED: June 30, 2008                              DATED: June 30, 2008

LAW OFFICES OF BRUCE E. KRELL, INC.   LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

By  /S/                                                              By  /S/
   Michael Cohen                                      Howard Leigh Churchill

CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

    a. Further Case Management Conference on 12/1/08.

    b. At that time, the parties shall be referred to ADR.

    c. Initial disclosures shall be completed by 8/1/08.

    d. Supplemental disclosures shall be completed by 10/1/08.

    e. The Court orders no limitations on disclosure or discovery at this time.

    f. The deadline for disclosure of identity, background and opinions of experts shall be deferred pending a trial date.

    g. The deadline for filing any dispositive motions shall be deferred pending a trial date.

    h. The date the parties shall meet and confer regarding pretrial submissions shall be deferred pending a trial date.

    i. The deadline for hearing of any dispositive motions shall be deferred pending a trial date.

    j. The deadline for submitting pretrial material shall be deferred pending a trial date.

1       k.      The Pretrial Conference date shall be deferred pending a trial date.

2       l.      The trial date shall be set at a future Case Management Conference.

3 DATED: July 2, 2008

_____
Magistrate Judge James Larson
USDC, Northern District of California